157 N.J. Super. 431 (1978)
384 A.2d 1159
MT. HOPE INN, PLAINTIFF,
v.
THE TRAVELERS INDEMNITY COMPANY, A CORPORATION OF THE STATE OF CONNECTICUT.
Superior Court of New Jersey, Law Division.
Decided February 27, 1978.
*434 Mr. Anthony L. Bongiovanni for plaintiff.
Mr. Robert A. Auerbach, for defendant (Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys).
POLOW, J.S.C.
This is a declaratory judgment action in which plaintiff, the insured, seeks a determination of defendant's obligation under a liability policy, to defend a damage claim by a patron injured in plaintiff's tavern, allegedly as a result of an assault by another patron. The injured claimant, one Radwanski, brought an action in tort against both the alleged assailant and the insured Mt. Hope Inn, but defendant disclaimed and refused to defend, relying on a provision excluding liability based upon sale or service of alcohol to an intoxicated person.
*435 The assaulted claimant, Radwanski, in his tort complaint alleged that on June 3, 1975 he sustained injuries from an assault and battery committed by one Trincanello while both were patrons of the Mt. Hope Inn. Radwanski asserted, in a count against plaintiff in his amended complaint in the tort action, that his injuries resulted from the negligence of the Mt. Hope Inn in serving alcohol to Trincanello while he was intoxicated, thereby causing the assault resulting in injuries to Radwanski. The same count also alleged, in a separate paragraph, that the Inn, its agents or servants, knew that Trincanello was intoxicated or should have known it, and thereby failed to protect Radwanski from being assaulted. Upon receiving the Radwanski complaint, Mt. Hope submitted it to the carrier, Travelers, for the purpose of providing its defense pursuant to a liability insurance policy then in effect. After an initial investigation, Travelers determined that the Radwanski action did not fall within the scope of its policy and refused to provide a defense. Mt. Hope thus here seeks a declaration that Travelers is liable for reasonable counsel fees incurred in the defense of Radwanski's suit for damages. Mt. Hope Inn also asserted a claim for coverage for any damages which might be awarded to Radwanski against the insured, but that issue is now moot, the trial judge in the tort action having dismissed the complaint against Mt. Hope Inn at the end of Radwanski's case. Nonetheless, if the Radwanski complaint falls within the scope of insurance coverage provided to Mt. Hope Inn by Travelers, the insured would have been entitled to a defense of the tort action.
The applicable coverage section of the subject insurance policy provides:

A. Insuring Agreement
1. Comprehensive General Liability  Coverage A. (Bodily Injury * * *  The Travelers will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of: (a) bodily injury * * * to which this insurance applies, caused by an occurrence.

*436 The Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury * * *, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but The Travelers shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limits of The Travelers' Liability has been exhausted by payment of judgments or settlements.
However, the policy also contains the following exclusion:
Coverage A [does] not apply to: (f) bodily injury * * * for which the Insured * * * may be held liable: (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages: or (2) if not so engaged, as an owner or lessor of premises used for such purpose; if such liability is imposed: (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage; or (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxification of any person; but part (ii) of this exclusion does not apply with respect to liability of the Insured * * * as an owner or lessor described in (2) above.
Travelers claims that the complaint herein is based solely and exclusively on service of alcohol to contribute to intoxication, a situation it maintains is specifically excluded by the above-quoted exclusion, a so-called "dram-shop" liability exclusion.[1] There can be no dispute that under the *437 terms of this policy actions based upon "dram-shop" liability are not covered. Plaintiff argues that in any event the complaint was amended at the trial of the tort action to explicitly charge nondram-shop negligence. This argument need not be considered since the issue herein should appropriately be resolved on the face of the original tort complaint as it was filed in the count against Mt. Hope Inn without reference to the amendment at trial. The insurer's duty to defend must be determined in the first instance by comparing the allegations of the complaint against the provisions of the insurance policy. If there are allegations in the complaint which could, if proved, come within the coverage provided whether the insured is ultimately liable or not, and even if such allegations be unfounded or fraudulent, there is a duty to defend. Danek v. Hommer, 28 N.J. Super. 68 (App. Div. 1953). This duty remains even though ambiguity may result based upon other language charged in other parts of the complaint or other allegations are made which do not come within the provisions of the policy. Courts are bound to protect the insured to the full extent any fair interpretation will allow. Kievit v. Loyal Protective Life Ins. Co., etc., 34 N.J. 475 (1961); Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7 (1961).
Dismissal by the trial judge of Radwanski's suit against Mt. Hope for lack of proof at the end of plaintiff's case is not relevant to the issues herein. Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504 (1965). The duty to defend springs from the charges stated in the complaint, not from the ultimate result. Deodato v. Hartford Ins. Co., 143 N.J. Super. 396, 401 (Law Div. 1976).
Travelers acknowledges that the applicable law is set forth in Appleman, Insurance Law and Practice, § 4683, as quoted with approval in Danek v. Hommer, 28 N.J. Super. 68, 76 (App. Div. 1953) as follows:
An insurer's duty to defend an action against the insured is measured by the allegations in the plaintiff's pleadings, and if such pleadings *438 state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the plaintiff.
Nevertheless, Travelers insists that even if Radwanski had been able to prove all of the allegations set forth in his complaint against the tavern and obtained a judgment based on those allegations, the action would still have been outside the scope of coverage of his particular policy of insurance because of the "dram-shop" liability exclusion.
This court disagrees. Paragraph two of the count against the insured tavern does allege negligence based solely on alleged service of alcohol to Trincanello while he was intoxicated, and is, as Travelers argues, barred by the "dram-shop" liability exclusion. Paragraph three, however, a separate and distinct allegation, charges only that the tavern and its employees knew or should have known that Trincanello was intoxicated and failed to protect their patron, Radwanski, from the intoxicated Trincanello's assault. There is no allegation in this paragraph that the insured served the assailant with intoxicants  merely that he was intoxicated and because of the insured's failure to protect the victim, he suffered injuries. This allegation could support proof that the assailant had consumed his alcoholic beverages elsewhere, before his arrival on the premises (which conclusion, in fact, was supported by the evidence produced at the tort action trial) and that he was obviously intoxicated, thereby imposing a duty upon the tavern which it failed to meet for the protection of its patron, Radwanski. The above-quoted "dram-shop" liability exclusion applies only to injuries caused by the sale or distribution of alcohol by the insured. It does not apply to injuries sustained for which the insured may be answerable because of its failure to protect a patron from the danger of one visibly intoxicated, having consumed alcohol elsewhere. Paragraph three of the count against the insured alleges:
*439 The defendant, Mt. Hope Inn, Inc., its agents or its servants, knew or should have known that the defendant, Paul A. Trincanello, was intoxicated and thereby failed to protect its patron, the plaintiff, from assault by the defendant, Paul A. Trincanello, which caused the plaintiff's injuries.
Travelers' argument assumes that the intoxication alleged must be interpreted as caused by alcohol served by the insured on its premises. Although paragraph two of the tort complaint, as previously noted, does allege service by Mt. Hope Inn to Trincanello while he was intoxicated, paragraph three does not so state, nor did that turn out to be the fact. Although not material to this decision, it is interesting to note that based upon the evidence in the tort action trial, virtually all, if not all, of the alcohol consumed by Trincanello before the assault was purchased and consumed before he arrived at the Mt. Hope Inn very late in the evening. The assault occurred very shortly after his arrival on the scene, although he may or may not have ordered one beer before the fracas which was the basis of the tort claim. The allegations of paragraph three of the Radwanski complaint as stated could support a claim that Trincanello came into the insured's premises intoxicated and that the insured failed in its duty to protect a patron from the risk thus presented, a risk not included in the aforementioned "dramshop" liability exclusion.
Paragraph two of the tort complaint alleges that Mt. Hope Inn was:
* * * negligent by serving alcoholic beverages to the defendant Paul A. Trincanello while he was intoxicated. Such negligence was a substantial factor in causing the assault in which plaintiff was injured.
Although paragraph two, standing alone, supports Travelers exclusion claim because it relies solely on service of alcoholic beverages to one already intoxicated, there is no basis for limiting the language of paragraph three thereby. Alternative and inconsistent pleading is proper, and alternative *440 and inconsistent statements of a claim may be stated in a single count or in separate counts. R. 4:5-6; Ajamian v. Schlanger, 14 N.J. 483 (1954); Tabloid Lithographers, Inc. v. Israel, 87 N.J. Super. 358 (Law Div. 1965). Perhaps, with proper discovery, the claimant could have been required to elect one theory or the other. Nonetheless, Travelers had neither the right nor the authority to limit the claimant's position to that which would justify its exclusion. If the claim is stated in two conflicting theories, one which requires coverage and the other which does not, the carrier has no choice. It must defend. Where the clause in question is one of exclusion, a strict interpretation is applied. Mazzilli v. Accident & Cas. Ins. Co., supra, 35 N.J. at 8.
A public establishment may be liable for failure to protect a patron from other patrons who are intoxicated even though it may not have contributed to such intoxication. See, e.g., Reilly v. 180 Club, Inc., 14 N.J. Super. 420, 424 (App. Div. 1951), and Washington Theatre Co. v. Hartford Accident Co., 9 N.J. Misc. 1212, 157 A. 111 (Sup. Ct. 1931). Thus, since paragraph three of the count against the tavern encompasses the situation where the intoxication was caused by consumption of alcohol elsewhere, with no contribution to the intoxication by the insured, there may be liability without service of any alcohol and the carrier must therefore defend. The complaint against Mt. Hope Inn, from the outset, alleged negligence that could have been within the scope of coverage. Consequently, defendant was obligated to provide plaintiff with a defense.
Judge Learned Hand, in Lee v. Aetna Cas. & Sur. Co., 178 F. 2d 750 (2 Cir.1949), used language adopted in Danek, supra, 28 N.J. Super. at 77-78:
Whether the insurer ought to defend such an action at least until it appears that the claim is not covered by the policy is not free from doubt; but it seems to us that we should resolve the doubt in favor of the insured. In most cases  the case at bar was one  it will not be difficult for the insurer to compel the injured party to disclose whether the injury is within the policy; and, if it *441 transpires that it is not, the insurer need go on no longer. There may be cases, however, in which that question will remain uncertain even until the end of the trial, and, if the defendant is right, the insured will be obliged to conduct the defence of a claim which it turns out the insurer has promised to pay. We do not believe that, had the question been presented to the parties in advance, they would have agreed that the promise to defend did not include all occasions in which the insurer eventually becomes liable to pay. [178 F.2d at 752]

* * * * * * * *
When, however, as here, the complaint comprehends an injury which may be within the policy, we hold that the promise to defend includes it. [Id. at 753]

* * * * * * * *
It follows that, if the plaintiff's complaint against the insured alleged facts which would have supported a recovery covered by the policy, it was the duty of the defendant to undertake the defence, until it could confine the claim to a recovery that the policy did not cover. [Id. at 753]
Similarly, the negligence asserted in this complaint "may" have been within the policy coverage. And, as previously noted, Flanagin, supra, the fact that Radwanski's claims against Mt. Hope were ultimately dismissed are not relevant to Travelers obligation to defend.
The conclusion to be drawn from these statements is that the duty to defend comes into being when the complaint states a claim constituting a risk insured against. And the duty is not abrogated by the fact that the cause of action stated cannot be maintained against the insured either in law or in fact  in other words, because the cause is groundless, false or fraudulent. Liability of the insured to the plaintiff is not the criterion; it is the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy. [Danek, supra, at 77]
Since any fair doubt with regard to whether any of the allegations of the complaint may fit within policy coverage should be resolved in favor of the insured, West v. Macdonald, 103 N.J. Super. 201, 212 (App. Div. 1968), there will be a judgment in favor of the insured declaring the responsibility of Travelers to defend on this complaint under the provisions of the policy.
NOTES
[1] Many other states have adopted so-called "Dram-Shop" acts, imposing liability upon tavern keepers for injuries resulting from sales of alcohol to minors or intoxicated persons. See Appelman, Civil Liability under the Illinois Dram-Shop Act, 34 Ill. L. Rev. 30 (1939); Note, Liability under the New York Dram-Shop Act, 8 Syracuse L. Rev. 252 (1957). In New Jersey, the common law principles of negligence and proximate cause are applicable to determine whether a tavern keeper knew or should have known that a patron was a minor or intoxicated when served, and whether such service, if negligent, was a proximate cause of the injury suffered. Rappaport v. Nichols, 31 N.J. 188 (1959); Linn v. Rand, 140 N.J. Super. 212 (App. Div. 1976.)