**AUTO–OWNERS INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**TRANSAMERICA INSURANCE COMPANY, John W. Smith, d/b/a Smith Electric, and Kevin Logan, Defendants and Appellants.**

**No. 14500.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1984.

Decided Nov. 7, 1984.

Chester A. Groseclose, Jr. of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for plaintiff and appellee.

Harvey A. Oliver, Jr. of Bantz, Gosch, Cremer & Peterson, Aberdeen, for defendants and appellants.

HENDERSON, Justice.

This is a civil appeal from a summary judgment issued January 6, 1984, in favor of appellee, Auto-Owners Insurance Company (Auto-Owners), arising from a declaratory judgment action. We affirm.

## FACTS

Auto-Owners had issued a mobile home-owner's insurance policy to one Kevin Logan, then an employee of John W. Smith, d/b/a Smith Electric. Subsequent to policy issuance, Logan's negligent acts while welding a go-cart caused a fire to occur on the business premises of Smith Electric on December 26, 1981.

In a lawsuit prior to the instant case, Smith secured a $26,198.80 judgment against Logan. Auto-Owners refused to defend that suit because of a policy exclusion it deemed removed this situation from policy coverage. The exclusion, standard in many homeowner's policies, provides in part that "[t]his policy does not apply ... to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of ... any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises ...."

Interestingly, the trial court in the previous case made the following specific finding:

Under these circumstances, there was no causal relationship between the use and maintenance of the go-cart and the ensuing injury. The go-cart itself was not an active accessory to the injuries sustained but was instead the mere situs of the accident. The go-cart was a mere

instrument, recepticle [sic], or situs of the primary negligence of the defendant.

Upon appellants' attempt to recover their judgment from Auto-Owners, a declaratory judgment action was initiated by Auto-Owners on July 14, 1983, to determine its duties under the circumstances. There were no material facts in dispute and the issue boiled down to whether or not the incident was covered by the policy issued by Auto-Owners to Kevin Logan. The trial court granted Auto-Owners summary judgment on January 6, 1984. Appellants filed a notice of appeal on February 14, 1984.

## ISSUE

Appellants contend that coverage is not excluded and Auto-Owners had a duty to defend the previous lawsuit. Because they wrongfully refused, appellants maintain Auto-Owners is collaterally estopped from relitigating any issues and is bound by the findings and conclusions of that judgment. As a matter of law, appellants argue that Auto-Owners is liable under its policy.

## DECISION

■ On December 26, 1981, appellant Kevin Logan entered the enclosed premises of appellant Smith for the purpose of doing some repair work on the axle of his go-cart. Logan drained the gasoline from his car, tipped it on end and began welding. Because there were combustible materials in the structure, Logan placed a fire extinguisher near his work site prior to welding. The extinguisher ultimately proved to be a $CO_2$ extinguisher. (Dry chemical extinguishers were available.)

Apparently, Logan failed to drain the gasoline completely and a good amount accumulated on the floor. During his welding operation, he noticed a small fire in the area of his work site—the gas had ignited. Use of the $CO_2$ extinguisher only exaggerated the fire which ultimately spread beyond the go-cart work area to other portions of the building, causing extensive damage.

Upon a stipulated set of facts in the previously mentioned lawsuit, Logan committed four acts of negligence: (i) operation of the welder in an unsafe manner; (ii) failure to select a proper welding site; (iii) failure to drain gasoline from the tank, and (iv) improper selection of fire extinguisher in extinguishing the fire.

Initially, appellants rest a large part of their argument on the concept of the term "use" as used in the policy exclusion. However, Auto-Owners contends that the property damage arose out of the "maintenance" of a recreational vehicle. It is this term which is the key to the liability issue.

Appellants insist that to fall within the "maintenance" category, injury must occur as a result of not maintaining the vehicle properly. For example, if Logan had worked on his axle, then driven the go-cart, and the faulty axle caused an occurrence which injured someone or something, this injury would clearly arise out of the "maintenance" of the vehicle. Appellants contend that damages arising during the course of maintenance are not to be considered "arising out of maintenance," as the vehicle is the mere situs of the injury.

■ Appellants' argument is much too restrictive. "It has been held that 'maintenance' covers all acts which come within its ordinary scope and meaning." 6B Appleman, *Insurance Law and Practice* § 4315, at 339 (Buckley ed. 1979). The term "maintenance" has been defined as the labor of keeping something in a state of repair or efficiency. *Indiana Ins. Co. v. Winston*, 377 So.2d 718 (Fla.App.1979). Further, use of the words "arising out of" in a policy have a much broader significance than, for example, "caused by" and are understood to mean "originating from," "having its origin in," "growing out of," or "flowing from." *Id.*, 377 So.2d at 719. Thus, it has been held that injuries incurred while replacing a part on an automobile hood arose out of the maintenance of that auto. *See Indiana Ins. Co., id.* Also, negligence in cleaning an automobile would fall within a "maintenance" category. *See Insurance Law and Practice, supra.* Where a de-

fendant negligently hammered a rim onto an automobile wheel, striking a passerby with the hammer, liability might be imposed on an auto policy covering injuries arising out of "maintenance." *Id.*

Of course, there must be a causal connection between the act causing injury and the "maintenance." Clearly, in this case, the ultimate negligent act for which liability is claimed is the welding of the go-cart axle, i.e., maintenance of the go-cart. Here, but for the maintenance, the fire damage would not have occurred. *See Raines v. St. Paul Fire & Marine Ins. Co.,* 9 N.C.App. 27, 175 S.E.2d 299 (1970). The injury arose from a condition created during the maintenance of the vehicle. *Indiana Ins. Co.,* 377 So.2d 718. Therefore, damages resulting from appellant Logan's negligence are excluded from his mobile homeowner's coverage. Auto-Owners did not have a duty to defend the prior action and the trial court herein did not err in granting summary judgment in its favor.

■ Appellants claim that the four acts of negligence constituted four separate theories of liability, and that only the first, negligence in welding, would be excluded from the policy. It is urged, at the very least, that use of the wrong fire extinguisher was a separate act of negligence independent of any maintenance of the go-cart. Appellants maintain that if there is but a single theory of recovery which falls within the policy, Auto-Owners still had a duty to defend, despite other theories of liability asserted that are not covered. *Detroit Edison Co. v. Michigan Mut. Ins. Co.,* 102 Mich.App. 136, 301 N.W.2d 832 (1980).

We reject this argument. There were not four theories of liability, only one—negligence. There were four acts constituting negligence. Except for the repair work on the go-cart, i.e., maintenance, none of those acts would have occurred and appellant Smith's building would not have sustained damage.

Affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.