HAWKEYE–SECURITY INSURANCE
COMPANY, Plaintiff and Appellee,

v.

Allen A. CLIFFORD by his Guardian
Dewey J. CLIFFORD, Dakota Hospital,
St. Paul Fire and Marine Insurance
Co., Vermillion Clay County Ambu-
lance Service, City of Vermillion, West-
ern World Insurance Company, De-
fendants,

and

Clay County, Defendant and Appellant.

No. 14689.

Supreme Court of South Dakota.

Considered on Briefs Feb. 6, 1985.

Decided April 17, 1985.

Steven L. Pier of Welter & Pier, Yank-
ton, for plaintiff and appellee.

Arthur L. Rusch of Bogue, Weeks &
Rusch, Vermillion, for defendant and appel-
lant.

FOSHEIM, Chief Justice.

Clay County appeals from a declaratory judgment granted in favor of Hawkeye-Security Insurance Co. (Hawkeye). We reverse.

The complaint of Allen A. Clifford alleged he was injured as a result of negligent care provided by the Vermillion-Clay County Ambulance Service, and Dakota Hospital. The City of Vermillion (City) filed a third party complaint against Clay County. Clay County tendered the defense to its insurer, Hawkeye. This action is brought by Hawkeye to determine its duty to defend.

The third party complaint against Clay County is ambiguous because it does not reveal whether the City alleged Clay County owed City contractual indemnity, or whether Clay County was joined in tort as a joint operator of the ambulance service, or both.[1]

The issue before us is whether a trial court may resolve that ambiguity by considering depositions and other evidence outside the pleadings. Prior South Dakota decisions have not precisely addressed an insurer's duty to defend at this early stage in the litigation. Precedent involved situations where the declaratory judgment action was instituted *after* the insured had been sued and settled the case, or judgment had been rendered against the insured. *See, Auto Owners Ins. Co. v. Transamerica Ins. Co.*, 357 N.W.2d 519 (S.D.1984); *Wilson v. Allstate Insurance Company*, 85 S.D. 553, 186 N.W.2d 879 (1971); *Taylor v. Imperial Casualty & Indemnity Company*, 82 S.D. 298, 144 N.W.2d 856 (1966); *Black Hills Kennel Club v. Firemen's Fund Indem. Co.*, 77

S.D. 503, 94 N.W.2d 90 (1959) (complaint not in evidence).

In *Auto Owners, supra*, we rejected the argument that where there is but a single theory of recovery that falls within the policy, the insurer has a duty to defend, despite the fact that other non-covered theories of liability are alleged. *Id.* The argument was not accepted because the underlying action against the insured alleged four counts of negligence. We held there was actually but one theory of recovery: namely, negligence, which was not covered by the policy. *Id. Auto Owners* therefore does not control the issue here; where it is ambiguous whether the action against the insured is in contract (non-covered) or in tort (potentially covered), and where the trial court is asked to declare the insurer's duty to defend prior to trial on the action against the insured. We will therefore review the decisions of other jurisdictions.

■ The duty to defend and the duty to pay are severable and independent duties. *Dochod v. Central Mut. Ins. Co.*, 81 Mich.App. 63, 264 N.W.2d 122 (1978); *see also, Scherschligt v. Empire Fire & Marine Ins. Co.*, 662 F.2d 470 (8th Cir. 1981) (applying Nebraska law); *U.S. Fid. & Guar. Co. v. Louis A. Roser Co.*, 585 F.2d 932 (8th Cir.1978); *Lanoue v. Firemen's Fund Am. Ins. Co.*, 278 N.W.2d 49 (Minn. 1979); *F. & M. State Bank v. St. Paul Fire & Marine*, 309 Minn. 14, 242 N.W.2d 840 (1976). The duty to defend is much broader than the duty to pay a judgment rendered against the insured. *Roser, supra* at 936, *citing Ritter v. United States Fid. & Cas. Co.*, 573 F.2d 539, 542 (8th Cir.1978); *Carter v. Aetna Cas. & Sur. Co.*, 473 F.2d 1071 (8th Cir.1973).

---

**1.** The third party complaint against Clay County alleged:

1. Plaintiff has filed against Defendants, Vermillion Clay County Ambulance Service and Dakota Hospital, a complaint for damages in the sum of two million ($2,000,000) dollars alleged to have been sustained by plaintiff as a result of the malpractice of the Defendants....

**2.** At the times mentioned in the complaint, the City of Vermillion and Clay County jointly cooperated in the ambulance service provided, which is complained of. That the City of Vermillion has been served as a party defendant but that Clay County has not, and that Clay County should be served with these pleadings and brought in as a party defendant since there may be joint contributors in indemnity issues involved between the parties.

Jurisdictions are not uniform as to the scope of matters which may be considered in determining the duty to defend. In *Roser*, the United States Court of Appeals for the Eighth Circuit stated:

It is the general rule that the duty of an insurance company to defend its insured is to be determined by the allegations of the complaint or petition in the action brought against the insured. An insurer must defend its insured if the pleadings in the action against the insured allege facts which, if established, would support a recovery under the policy.

*Roser, supra*, at 936. *See also, Continental Casualty Co. v. Alexis I. duPont Sch. Dist.*, 317 A.2d 101, 103 (Del.Supr.1974); *Mt. Hope Inn v. Travelers Indem. Co.*, 157 N.J.Super. 431, 437, 384 A.2d 1159, 1162 (1978); *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619, 642 P.2d 604, 605 (1982); *Green Bus Lines v. Consolidated Mut. Ins. Co.*, 74 A.D.2d 136, 140–45, 426 N.Y.S.2d 981, 985–87 (1980); *County of Monroe v. Travelers Ins.*, 100 Misc.2d 417, 421, 419 N.Y.S.2d 410, 413 (1979); *Appelgren v. Milbank Mut. Ins. Co.*, 268 N.W.2d 114, 118 (N.D.1978); *Nielsen v. St. Paul Companies*, 283 Or. 277, 280, 583 P.2d 545, 547 (1978). The rule expressed in *Roser* finds the duty to defend from the pleadings. *See also, County of Monroe, supra*. The duty is imposed by many jurisdictions if it is clear, *see Continental Casualty Co. v. Alexis I. duPont Sch. Dist.*, 317 A.2d at 103; *Mt. Hope Inn v. Travelers Indem. Co.*, 384 A.2d at 1162; *County of Monroe v. Travelers Ins.*, 419 N.Y.S.2d at

413; or "even arguably" appears, *see Detroit Edison Co. v. Mich. Mut. Ins. Co.*, 102 Mich.App. 136, 142, 301 N.W.2d 832, 835 (1980), from the face of the pleadings that the alleged claim, if substantiated, falls within policy coverage. Under this position, the duty prevails notwithstanding that ambiguous language reveals other claims not covered in the policy, and even though extraneous facts indicate the claim is false, groundless, or even fraudulent. *See, Mt. Hope Inn, supra.*

Indiana, Minnesota, and Washington recognize that an insurer may avoid defending a complaint alleging a cause of action within policy coverage if actual facts outside the complaint would exclude coverage. *See, Cincinnati Ins. Co. v. Mallon*, 409 N.E.2d 1100, 1105 (Ind.App.1980); *Lanoue*, 278 N.W.2d at 52; *Harrison Plumbing & Heating, Inc. v. N.H. Ins.*, 37 Wash.App. 621, 624, 681 P.2d 875, 878 (1984); *R.A. Hanson Co., Inc. v. Aetna Ins. Co.*, 26 Wash.App. 290, 294, 612 P.2d 456, 459 (1980).

 In light of our rules of civil procedure,[2] we adopt the view that if it is clear or arguably appears from the face of the pleadings in the action against the insured that the alleged claim, if true, falls within policy coverage, the insurer must defend.[3] The review then ends, even though the pleadings are ambiguous[4] or reveal other claims not covered in the policy, and notwithstanding that extraneous facts indicate the claim is false, groundless, or even

---

**2.** Our liberal rules of procedure indicate the covered issue will likely be litigated even though not clearly alleged. SDCL 15–6–15(b) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the

presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**3.** We likewise do not decide whether an insurer must investigate its duty to defend or whether facts, either within or outside the record, can activate a duty to defend when the pleadings clearly do not state a covered claim.

**4.** We equate the term "arguably appears" with an ambiguous pleading.

fraudulent.[5] Since Hawkeye's duty to defend arguably appears from the face of the pleadings we do not reach the issue whether the trial court can resolve the ambiguity by considering depositions and other evidence outside the pleadings.

■■■ The burden of showing no duty to defend rests on the insurer. *See Roser, supra* at 936; *Scherschlight, supra* at 472; *Lanoue, supra* at 52. The insurer must show the claim clearly falls outside of policy coverage. *Roser, supra* at 936; *Lanoue, supra* at 52. If, after considering the complaint, and when appropriate, other record evidence, doubt exists whether the claim against the insured arguably falls within policy coverage, such doubts must be resolved in favor of the insured. *See, Roser, supra; Allstate Ins. Co. v. Demps,* 133 Mich.App. 168, 176, 348 N.W.2d 720, 724 (1984); *Detroit Edison Co. v. Mich. Mut. Ins. Co.,* 102 Mich.App. 136, 142, 301 N.W.2d 832, 835 (1980); *Jostens, Inc. v. CNA Ins., Continental Cas. Co.,* 336 N.W.2d 544, 545 (Minn.1983); *Inland Const. Corp. v. Continental Cas. Co.,* 258 N.W.2d 881, 884 (Minn.1977); *Continental Cas. Co.,* 317 A.2d at 105. This is especially applicable where those doubts exist pre-trial. *See Inland Const. Corp., supra; F. and M. State Bank v. St. Paul Fire & Marine,* 309 Minn. 14, 242 N.W.2d 840, 842 (Minn.1976).

The trial court, in its memorandum opinion stated:

> The allegation in the third party complaint that Clay County should be brought in as a third party defendant since there may be joint contributors in indemnity issues involved is insufficient with respect to whether such possible contribution would lie in contract, subject to Chapter 56–3, or in tort, subject to the provisions of Chapter 15–8, but *it is assumed* from the relationship that it is alleged it lies in contract.

■■ The claim that Clay County jointly operated the ambulance service may be

groundless. It was nevertheless alleged and, if true, would provide a basis for liability. The insurer's duty to defend, once imposed, continues until the Court finds that the insurer is relieved of liability under the noncoverage provision of the policy. As the New Mexico Supreme Court noted in *Foundation Reserve Ins. Co., Inc. v. Mullenix, supra:*

> We believe this is the better rule because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy.

*Mullenix,* 642 P.2d at 606.

Because Hawkeye did not clearly show it had no duty to defend, the declaratory judgment is reversed.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.

■■■■■■■■■■■■■■■■■■■■■■■■■■

---

5. The policy here provides: Insurer will defend "even if the allegations of the suit are groundless, false, or fraudulent." We think this should

nevertheless apply unless the policy expressly provides otherwise.