**CRUM & FORSTER INSURANCE COMPANY, Plaintiff,**

v.

**PACIFIC EMPLOYERS INSURANCE COMPANY, Defendant.**

Civ. 94–4245.

United States District Court,
D. South Dakota,
Southern Division.

Dec. 12, 1995.

Timothy M. Gebhart, Sioux Falls, SD, for Plaintiff.

Scott Allen Hindman, Sioux City, IA, for Defendant.

313

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Senior District Judge.

Both parties made motions for summary judgment and they came on for hearing on December 11, 1995.

### Background

The defendant Pacific Employers Insurance Company (Pacific) insured a company named Tri–State Electric (Tri–State) under a commercial general liability policy (CGL). The plaintiff Crum and Forster Insurance Company (Crum) insured Tri–State under an umbrella policy. On December 1, 1989 Tri–State discharged employee Brian Bendt. Bendt filed suit in state court for wrongful termination on April 4, 1990. Tri–State hired its own counsel to defend the case. Pacific was notified of the Bendt lawsuit on March 12, 1991. Pacific denied coverage on March 19, 1991 and provided no defense to Tri–State. Crum defended the lawsuit under a reservation of rights. Crum settled the case for $50,000 and spent $16,267.14 in attorneys fees for a total of $66,267.14. Crum filed the present suit seeking reimbursement from Pacific for the settlement cost and attorney's fees.

### Discussion

#### I.

Both parties agree that "Coverage A" of the policy, providing coverage for bodily injury and property damage liability, creates no duty to defend. The dispute is whether Pacific had a duty to defend under "Coverage B" which provides coverage for personal injury.

 The duty to defend and the duty to pay are severable and independent duties. *Hawkeye–Security Insurance Company v. Clifford,* 366 N.W.2d 489, 490 (S.D.1985). The duty to defend is much broader than the duty to pay a judgment rendered against the insured. *Id.* It is the general rule that the duty of an insurance company to defend its insured is to be determined by the allegations in the complaint or petition in the action brought against the insured. *Id.* at 491. An insurer must defend its insured if the

pleading in the action against the insured allege facts which, if established, would support a recovery under the policy. *Id.* South Dakota has adopted the view,

> [I]f it is clear or arguably appears from the face of the pleading in the action against the insured that the alleged claim, if true, falls within policy coverage, the insurer must defend. The review then ends, even though the pleading are ambiguous or reveal other claims not covered in the policy, and notwithstanding that extraneous facts indicate the claim is false, groundless, or even fraudulent.

*Id.* at 491–92. The burden of showing no duty to defend rests on the insurer. *Id.* at 492. The insurer must show the claim clearly falls outside the policy coverage. *Id.* If after considering the complaint, and other record evidence when appropriate, doubt exists whether the claim against the insured arguably falls within the policy coverage, such doubt must be resolved in favor of the insured. *Id.*

## II.

South Dakota law provides that employment having no specified term may terminated at the will of either party. SDCL 60–4–4. The South Dakota Supreme Court has carved out exceptions to the employment at-will doctrine. One of these exceptions is where a "handbook explicitly provides, in the same or comparable language, that discharge can occur 'for cause only.'" *Johnston v. Dlorah, Inc.,* 529 N.W.2d 201, 202 (S.D.1995). A second exception is allowed when a "for cause only" agreement can be "implied where the handbook contains a detailed list of exclusive grounds of employee discipline or discharge and, a mandatory and specified procedure which the employer agrees to follow prior to any employee's termination." *Id.* It is the view of the Court that Bendt's complaint in the original lawsuit was clearly drafted to allege wrongful termination within one of the above exceptions.

## III.

■ The first issue to be addressed is whether Pacific had a duty to defend the wrongful termination action. Coverage B of the policy provides, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury'...." (Policy CGL § IB ¶ 1–a). The policy defines "personal injury" as:

> injury, other than 'bodily injury,' arising out of one or more of the following offenses:
>
> a. False arrest, detention, or imprisonment:
>
> b. Malicious prosecution:
>
> c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies:
>
> d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services: or
>
> e. Oral or written publication of material that violates a person's right of privacy.

(Policy CGL § V ¶ 10).

It is the Court's view that Coverage B of the policy clearly does not provide coverage for a wrongful termination action.

## IV.

■ Plaintiff contends that paragraph 16 of the Bendt complaint created issues that through discovery might have resulted in a claim for libel, slander or disparagement under the "personal injury" coverage. That paragraph provided:

> "16. Defendant's action in wrongfully terminating Plaintiff's employment caused injury to Plaintiff's person, personal relations, and reputation."

However, we are not in the discovery phase of the case.

It is over as a result of the settlement. The plaintiff has not pointed to any part of the record in the Bendt action which would support any type of claim other than wrongful termination. This court cannot speculate on what might have been if the case had not been settled.

The Court takes the view that Bendt's complaint, including paragraph 16, states only a claim for wrongful termination.

Therefore the Court concludes that the underlying Bendt action was not within the personal injury coverage of the policy. *See Jefferson–Pilot Fire & Casualty Company v. Sunbelt Beer Distributors Inc.,* 839 F.Supp. 376, 380 (D.S.C.1993); *Minnigh v. American Mfrs. Mut. Ins. Co.,* 713 F.Supp. 366 (C.D.Cal.1989).

### V.

 The foregoing makes it unnecessary to decide Pacific's claim that the failure of Tri–State to give prompt notice of the claim allows them to avoid defending. However, the Court will do so in order to have a complete record for appellate review.

A failure to provide notice and the disregard of the provisions in an insurance contract cannot be sanctioned and will prohibit recovery unless excused. *Gordinier v. Continental Assurance Co.,* 69 S.D. 137, 7 N.W.2d 298, 300 (1942) Notice provisions are to be strictly construed against the insurer. *Kremer v. American Family Mutual Ins.,* 501 N.W.2d 765, 767 (S.D.1993). The Court takes the view that failure to provide notice does not render coverage void unless the insurer can establish actual prejudice. *Reliance Ins. Co. v. St. Paul Ins. Co.,* 307 Minn. 338, 239 N.W.2d 922, 925 (1976). Pacific asserts it had no opportunity to participate in, control, or monitor the Bendt litigation. However, Pacific fails to set forth any specific facts or reasons for the claim of actual prejudice. Mere allegations and conclusions on the part of Pacific does not establish actual prejudice, and they could not avoid defending based on the delay in notification of the claim and underlying lawsuit.

Upon the foregoing and the record herein,

IT IS ORDERED:

(1) That Defendant's Motion for Summary Judgment, Doc. 14, is granted.

(2) That Plaintiff's Motion for Summary Judgment, Doc. 16, is denied.

(3) That the Clerk of Courts shall enter judgment for the defendant on plaintiff's complaint, and defendant shall recover its taxable costs herein.