**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**
_____

No. 96-3908
_____

| | | |
|---|---|---|
| Greater Hoyt School District No. 61-4, | * * * | |
| Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | District of South Dakota |
| National Union Fire Insurance Company of Pittsburgh, Pennsylvania, | * * * * | **NOT FOR PUBLICATION** |
| Appellee. | * * | |

_____

Submitted:  June 12, 1997
Filed:  July 31, 1997
_____

Before MURPHY, HEANEY and NORRIS,[1] Circuit Judges
_____

NORRIS, Circuit Judge.

David and Cathy Maynard, assignees of rights held by plaintiff Greater Hoyt School District No. 61-4 ("Hoyt") against its insurer, National Union Fire Insurance Company of Pittsburgh ("National Union"), appeal summary judgment in favor of National Union in their action for coverage and for breach of duty to

_____

[1]     The Honorable William A. Norris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

-1-

defend. The Maynards argue that four of the causes of action brought by them in a prior lawsuit against Hoyt did not "aris[e] out of . . . [an] invasion of any right of privacy" within the meaning of an exclusion clause in Hoyt's insurance policy. The Maynards further argue that even if their claim for coverage on these four counts ultimately must fail, National Union breached its duty to defend by failing to investigate Hoyt's claim for coverage at the pleading stage of the prior lawsuit. We affirm.

In this diversity action, the rules for construing insurance policies are controlled by state law. <u>St. Paul Fire and Marine Insurance Co. v. Missouri United School Insurance Council</u>, 98 F.3d 343, 345 (8th Cir. 1996). Accordingly, we review the trial court's construction of the insurance contract de novo. <u>State Farm Mutual Auto Insurance Co. v. Vostad</u>, 520 N.W.2d 273, 275 (S.D. 1994).

Hoyt's insurance policy with National Union excluded coverage for "claims arising out of . . . invasion of any right of privacy." The Maynards argue that this language, when read with the "wrongful entry or eviction" language that immediately precedes it, is somehow limited to <u>physical</u> invasions of privacy. We disagree. Although it is certainly true that we construe ambiguous language liberally in favor of the insured and strictly

against the insurer, <u>Klatt v. Continental Insurance Co.</u>, 409 N.W.2d 366, 368-69 (S.D. 1987), the exclusion clause in the instant case is anything but ambiguous:  coverage is excluded for claims arising from invasions of <u>any</u> right of privacy.

In the Maynards' underlying lawsuit against Hoyt, Count I alleged violations of the Family Educational Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g (1994), which regulates the manner in which federally funded educational institutions may release information about students. Specifically, the Maynards complained that Hoyt had "releas[ed] personally identifiable information [regarding their son] to the general public"; and that it had "participat[ed] with the news media in disseminating inaccurate information" about him.  Appellee's Appendix at 4.

Although on its face this claim seems to be in essence one of invasion of privacy, the Maynards attempt to distinguish between two different types of conduct alleged in Count I:  the <u>release</u> of information about their son, versus the <u>inaccurate representation</u> of that information.  Importantly, however, FERPA is concerned solely with the release of information about students, not with the accuracy of the information released, and any alleged misrepresentation therefore added nothing to the Maynards' FERPA claim.  Accordingly, the district court did not

err by ruling that there was no coverage with respect to Count I.

Count II alleged that Hoyt conspired in violation of 42 U.S.C. § 1985(3) to deprive the Maynards' son of, _inter alia_, a free and appropriate education guaranteed by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.. The Maynards argue that the alleged conspiracy did not arise out of an invasion of privacy because the release of information was merely a "tool" in the plan to drive them from the community. We disagree. The essence of the conspiracy allegation was that school officials entered into an agreement to try to oust the Maynards from the school district. The only "tool" the Maynards alleged was used in furtherance of the plan was "the release of personally identifiable and inaccurate information" about their son. Appellee's Appendix at 5. The _conduct_ that constituted the alleged conspiracy was thus the release of information. As such, the alleged conspiracy necessarily "arose" from an invasion of privacy.

The Maynards' claims for coverage with respect to Counts III and IV, which alleged intentional and negligent infliction of emotional distress in the commission of the alleged conspiracy, necessarily rise or fall with their claim for coverage on the conspiracy count. Consistent with our holding that any alleged

conspiracy arose from an invasion of privacy, any emotional distress caused either intentionally or negligently by the conspiracy necessarily arose from the same invasion of privacy. Accordingly, the District Court did not err in denying coverage on Counts III and IV.

The Maynards also contend that the district court erred in entering summary judgment against them on their duty to defend claim. They argue that National Union had a duty to defend Hoyt in the underlying lawsuit even if there ultimately was no coverage for the Maynards' claims. We recognize that the coverage and duty to defend issues need not necessarily be resolved in the same manner because "[t]he duty to defend is much broader than the duty to pay a judgment against the insured." State Farm Mutual Automobile Insurance Co. v. Wertz, 540 N.W.2d 636, 638 (S.D. 1995). The insurer has a duty to defend if it is clear or even arguably appears from the face of the pleadings in the underlying action that the alleged claim would, if proved, fall within the policy's coverage. Bayer v. Employers Reinsurance Corporation, 383 N.W.2d 858, 860-61 (S.D. 1986); Hawkeye-Security Insurance Co. v. Clifford, 366 N.W.2d 489, 491-92 (S.D. 1985). Here, the nature of the claims in the Maynards' action against the school district, as evidenced and expressed in the complaint itself, did not even arguably fall

within the coverage of the policy.  Therefore, National Union had no duty to defend.

The judgment of the district court is **AFFIRMED**.

A true copy:

Attest:

Clerk, U.S. Court of Appeals, Eighth Circuit.