**Elmer W. BENNINGFIELD and Theda Benningfield, Appellants,**

v.

**AVEMCO INSURANCE COMPANY, Respondent.**

No. 29332.

Missouri Court of Appeals, Kansas City District.

Jan. 30, 1978.

Max Von Erdmannsdorff, Von Erdmannsdorff, Zimmerman, Gunn & Trimble, Kansas City, for appellants.

Morris J. Nunn, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM, J., and CLARK, Special J.

DONALD B. CLARK, Special Judge.

Appellants appeal the order of the trial court sustaining respondent's motion for judgment on the pleadings and dismissing plaintiffs' petition. Facts necessary to address the controversy are not in dispute, the issue being one of application of contract provisions of respondent's insurance policy to conceded facts.

During the relevant time period, respondent had issued to appellants and there was in force Aircraft Policy No. AV1–0115 47 insuring a 1965 Cessna Skyhawk owned by appellants. While operating a borrowed aircraft identified as a 1963 Musketeer, appellants damaged the plane in an accident and were sued by the owners for repair costs. Respondents refused to afford a defense. The expense incurred by appellants for settlement of the claim and defense costs are the sums here in controversy.

■ Insuring agreement A of respondent's policy provided indemnity to the insureds for sums which they became legally obligated to pay for injuries to persons and damage to property within stated limits arising out of the use of the aircraft. By policy definition, aircraft means the aircraft described in the policy which by the policy declarations was the 1965 Cessna.

Not included among risks insured were the following:

"This policy does not apply * * * under coverage A to injury to or destruction of property owned or transported by the insured or property rented to or in charge of the insured * * *".

Insuring agreement IV of the policy extended coverage for property damage and other risks with respect to other aircraft subject to certain conditions and provided further that the named insured be one individual who owned the aircraft described in the declarations.

Appellants contend that insuring agreements affording liability coverage for the described aircraft and other aircraft as well as the exclusion applicable to property in charge of the insured are ambiguous, that the construction of the contract thereby necessitated should favor the insured and that priority should be accorded in the order in which the paragraphs appear in the policy. As the exclusions follow the delineation of coverages, this theory would require that exclusion clauses be disregarded.

Appellants' argument fails initially for the reason that the subject policy by its terms affords no coverage whatever to appellants for use of other aircraft. Such coverage is extended only "If the named insured is one individual who owns the aircraft described in the declarations". Named as insureds under the policy are appellants, Elmer W. Benningfield and Theda Benningfield.

Irrespective of the foregoing, however, any extension of liability insurance to other aircraft afforded no coverage for damage to the substitute aircraft itself. Applicable is the quoted exclusion of damage to property in charge of the insured. In constru-ing similar language used in an automobile policy, this court has previously held in *Northwestern Mutual Insurance Co. v. Haglund*, 387 S.W.2d 230 (Mo.App.1965), that the exclusion of damage to property in charge of the insured is clear and unambiguous and excludes liability under the policy for collision damage to the property while in the custody and being operated by the named insured as a permissive user. From Exhibit A (the petition in damages filed against appellants by the owners of the borrowed aircraft) attached to appellants' petition here, the 1963 Musketeer was being operated by appellant Theda Benningfield at the time of the accident and, hence, was property in charge of the insured not covered under the policy.

Finally, appellants contend that interpretation of the insurance contract was a matter to be submitted to a jury and that respondents owed, at a minimum, a duty to defend the property damage claim.

■ Where, as here, the facts on which liability is claimed or denied are undisputed and determination of the case depends solely upon construction of the policy, the question is one exclusively for the court. *Tomnitz v. Employers' Liability Assur. Corporation*, 343 Mo. 321, 121 S.W.2d 745 (1938); *Richardson v. Employers Mut. Liability Ins. Co. of Wis.*, 269 S.W.2d 132 (Mo.App.1954); 44 Am.Jur.2d, Insurance § 2064.

■ The obligation of the insurer to defend arises only as to claims and suits for damages covered by the terms of the policy. Evaluation of this obligation depends not on resolution of controverted facts under which the claim is advanced but on the insuring agreements and the allegations of the claimant, whether groundless or valid. *Northwestern Mutual Insurance Co. v. Haglund*, 387 S.W.2d 230 (Mo.App.1965); *Farmers Alliance Mutual Insurance Co. v. Reed*, 530 S.W.2d 470 (Mo.App.1975). The insurer owes no duty of defense where, as here, the allegations of the claimant's petition and the insurance contract demonstrate that coverage does not apply.

The judgment is affirmed.

All concur.