_____

No. 95-2839
_____

RELIANCE INSURANCE COMPANY,    *
a corporation,                        *
                                     *
    Plaintiff - Appellee,    *
                                     *  Appeal from the United States
    v.                         *  District Court for the Western
                                     *  District of Missouri
SHENANDOAH SOUTH, INC.,     *
GARY SNADON, RICHARD GALLAGHER, *
EUGENE BICKNELL and C. WAYNE   *
NEWTON,                    *
                                *
    Defendants - Appellants.    *

_____

Submitted:  January 12, 1996

Filed:  April 19, 1996
_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*] Senior
    District Judge.

JONES, Senior District Judge.

    Shenandoah South, Inc. and its officers and directors (hereinafter
collectively referred to as Shenandoah South), appeal a declaratory
judgment finding that the commercial general liability policy issued to
it by Reliance Insurance Company (Reliance) does not provide coverage for
an action brought against it by Wayne Newton. For the reasons stated
below, we affirm the district court.[1]

_____

    [*]The HONORABLE JOHN B. JONES, Senior District Judge, United
States District Court for the District of South Dakota, sitting by
designation.

    [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri, Southern Division.

In the underlying action, entertainer Wayne Newton brought suit against Shenandoah South and its officers and directors relating to Shenandoah South's operation of the "Wayne Newton Theater" in Branson, Missouri. Newton alleges breach of contract, breach of implied covenant of good faith and fair dealing, negligent mismanagement, and negligent misrepresentation. In essence, Newton claimed that he had been cheated by Shenandoah South, both through deliberate acts intended to deprive Newton of compensation he was due, and through Shenandoah South's incompetence in running the theater. Newton also claimed that his reputation was damaged as a result of Shenandoah South's actions.

The policy in question covers liability of the insureds[2] for bodily injury, property damage, personal injury, and advertising injury as those terms are defined in the policy. The parties agree that coverage does not exist under the bodily injury or property damage portions of the policy.

Shenandoah South asserts that Count III (negligent mismanagement) of Newton's Second Amended Complaint is within the scope of coverage under the personal and advertising injury provisions.[3] Newton's Second Amended Complaint alleges that:

> In promoting and operating a theater named after Newton, defendants necessarily have relied on his reputation and good will with the theater-going public.

> Defendants owed Newton a duty to operate and manage

---

[2]Apparently there is no dispute that all persons and entities named in the underlying action, and all defendants named in the present declaratory action (save Newton) are insureds under the policy.

[3]The remaining counts pray only for compensation due Newton under the contract with Shenandoah South, allegations unquestionably outside the scope of coverage.

the Theater in a manner consistent with good and reasonable management practices designed to and capable of producing a profit, upon which much of Newton's compensation depends. Defendants further owed Newton a duty to exercise reasonable care in the operation of the Theater so as to avoid injury to Newton's reputation. It was foreseeable that breach of these duties would result in injury to Newton.

*** 

As a direct and proximate result of defendants' breaches, Newton has been injured in the form of lost compensation under the Agreement and damage to his reputation and good will in the community ... .

Newton's Second Amended Complaint ¶¶ 44, 45, and 47.


It is Shenandoah South's position that these allegations of damage to reputation, contained within the claim for negligent mismanagement, are sufficient to trigger coverage, or at least a duty to defend, under the policy issued by Reliance. They further insist coverage exists based on allegations in Newton's complaint that Shenandoah South "turned away inquiries from tour operators anxious to purchase tickets for 1994 [performances] by falsely claiming they had not yet received Newton's 1994 schedule." Newton's Second Amended Complaint ¶ 12.

After Shenandoah South advised Reliance of this litigation, the current declaratory action was commenced by Reliance. The issue facing the district court and this court on appeal is whether coverage under the Reliance policy extends to the claims made in the Newton lawsuit. On cross motions for summary judgment, the district court found that it did not.

**II.**

We review the district court's grant of summary judgment de novo, applying the same standards and affirming only when the

record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Johnson v. Group Health Plan, Inc., 994 F.2d 543, 545 (8th Cir. 1993).  The interpretation and construction of insurance policies is a matter of law, and therefore, issues involving the duty to defend are particularly amenable to summary judgment.  First Southern Ins. Co. v. Jim Lynch Ent., Inc., 932 F.2d 717, 719 (8th Cir. 1991).

## III.

When faced with issues of insurance coverage, courts under Missouri law compare the allegations of the underlying complaint to the language of the insurance policy.  Benningfield v. Avemco Ins. Co., 561 S.W.2d 736 (Mo.App. 1978).  "The insurer owes no duty of defense where ... the allegations of the claimant's petition and the insurance contract demonstrate that coverage does not apply."  Id.  If the petition or complaint against the insured alleges facts not within the coverage of the insurance policy, no duty devolves upon the insurer.  Steve Spicer Motors, Inc. v. Federated Mutual Ins. Co., 758 S.W.2d 191, 193 (Mo. Ct. App. 1988).  The duty to defend is triggered if there exists facts, known or which should be known by the insurer, which could potentially bring the underlying claim within coverage.  Farm Bureau Town & Country Ins. Co. v. Turnbo, 740 S.W.2d 232 (Mo. Ct. App. 1987).  Any uncertainty as to the policy's coverage should be decided in favor of the insured.  Howard v. Russell Stover Candies, Inc., 649 F.2d 620, 621 (8th Cir. 1981).

With this background, we must examine the allegations in the Newton complaint to determine if they allege a claim within the personal injury or advertising injury coverages in the liability policy.  Both the personal injury and advertising injury coverages in the liability policy define the covered injuries, inter alia, as injury arising out of "Oral or written publication of material that

-4-

slanders or libels a person ... or disparages a person's ... goods, products, or services."  Shenandoah South is essentially arguing that Newton's complaint sounds, at least in part, in some type of defamation.

Under Missouri law, defamation or disparagement actions brought by public figures[4] require a showing of the following elements:

(1) that the defendant (Shenandoah South) published[5] a statement which plaintiff alleges to be defamatory;

(2) that the statement was false;

(3) that the defendant published the statement either with knowledge of its falsity or with reckless disregard for whether it was true or false at a time when defendant had serious doubts as to whether it was true;

(4) the statement tended to deprive the plaintiff of the benefit of public confidence and social associations;

(5) that the statement was heard by others; and

(6) plaintiff was thereby damaged.

Klein v. Victor, 903 F. Supp. 1327, 1330 (E.D. Mo. 1995), citing Missouri Approved Instructions, § 23.06(2).

As the elements suggest, any defamation action requires a defamatory publication, an allegation wholly absent from Newton's negligent mismanagement claim.  A person's reputation can be damaged in many ways, only one of which is by slander or disparagement.  The policy provides coverage for damages resulting from the "oral or written publication of material that slanders or

---

[4]There is no question Wayne Newton is a public figure for purposes of defamation law.  50 Am Jur 2d., Libel and Slander § 87.

[5]In defamation actions a "publication" is the communication of defamatory matter to a third person.  Dvorak v. O'Flynn, 808 S.W.2d 912, 916 (Mo.App. 1991).

libels a person ... or disparages a person's goods, products or services." Negligent mismanagement of the "Wayne Newton Theater" by Shenandoah South may damage Wayne Newton's reputation and good will, but it clearly does not libel or slander Newton or disparage his services, and therefore is not covered by Reliance's liability policy.

Regarding the alleged statement attributed to Shenandoah South personnel that they had not yet received Newton's 1994 performance schedule, this similarly cannot form the basis for coverage under the policy. When allegedly defamatory publications are claimed to have damaged a person in his or her business, trade, or profession, "the words used must impute a lack of knowledge, skill, capacity, or fitness to perform one's duties; or fraud, want of integrity, or misconduct in the line of one's calling. More specifically, to be actionable the allegation must strike at a person's professional competence." Nazeri v. Missouri Valley College, 860 S.W.2d 303, 311 (Mo. 1993) (en banc) (citations omitted). The statement, taken in context and given its plain and ordinarily understood meaning, Id., simply does not rise to the level of culpability required in a defamation action. Far from implying fraud, want of integrity, misconduct, or lack of fitness to perform the duties as an entertainer, the statement merely suggested that Newton's performance schedule was not yet available. Even if falsely given, the statement does not as a matter of law libel or slander Newton or disparage his services, and therefore is not covered by Reliance's policy. Klein v. Victor, 903 F. Supp. at 1330 (whether allegedly libelous words are defamatory is a question of law).

Based on a review of the entire record, we conclude that Newton's Second Amended Complaint does not allege facts which would bring the conduct of Shenandoah South within the coverage of Reliance's comprehensive general liability policy or create a duty to defend.

**IV.**


The decision of the district court, granting Reliance's motion for summary judgment and declaring that no coverage exists under Reliance's liability policy for the claims made in Newton's Second Amended Complaint, is affirmed.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.