Nicholas GRAY, Appellant–Respondent,

v.

Father Thomas J. WARD and, Catholic
Diocese of Kansas City St. Joseph
Respondents–Appellants.

No. 79299.

Supreme Court of Missouri,
En Banc.

Aug. 19, 1997.

See also, 1997 WL 471934.

John H. Norton, Robert V. Wells, Kansas City, for Appellant–Respondent.

James Wyrsch, James P. Tierney, William M. Stapleton, Brian J. Madden, Kansas City, for Respondents–Appellants.

Carl H. Esbeck, John K. Hulston, Columbia, Timothy Belz, Center for Law & Religious Freedom of the Christian Legal Society, etc., St. Louis, for Amicus Curiae.

BENTON, Chief Justice.

Nicholas Gray appeals judgments of the circuit court dismissing all but one count of his petition against Father Thomas Ward and all counts against The Catholic Diocese of Kansas City–St. Joseph. Ward purports to cross-appeal the trial court's failure to dismiss the remaining count.

The circuit court determined that there was no just reason to delay the appeals. *Rule 74.01(b)*. After opinion by the Court of Appeals, Western District, this Court granted transfer and now affirms in part, reverses in part, dismisses all appeals by or against Ward, and remands.

### I.

This case was decided on motions to dismiss, prior to answer and discovery. There-fore, the facts are assumed as averred in the petitions. *See Johnson v. Kraft General Foods*, 885 S.W.2d 334, 335 (Mo. banc 1994).

Gray alleges that when he was about 14 years old, he went to Father Ward, a Catholic priest, for confession and counseling about various concerns, some of a sexual nature. Ward then initiated a sexual relationship with Gray that lasted about 10 years. Gray alleges that when Ward was "hired/ordained," the Diocese "knew or reasonably should have known of prior sexual misconduct and/or a propensity to such conduct" by Ward. Gray also asserts that the Diocese had a duty to supervise Ward's activities.

Gray filed a petition for damages alleging five counts against Ward: negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of fiduciary duty, and conspiracy. As for the Diocese, Gray alleged six counts: conspiracy, respondeat superior/agency, negligent hiring/ordination and retention, negligent failure to supervise, breach of fiduciary duty, and independent acts of negligence.

The circuit court issued two judgments. One dismissed all counts against the Diocese for "failure to state a claim upon which relief can be granted and because such claims as alleged against defendant infringe upon its rights provided by the First Amendment to the United States Constitution." The other judgment dismissed all counts against Ward except intentional infliction of emotional distress.

### II. Counts Against Ward

The circuit court did not dismiss Gray's count of intentional infliction of emotional distress against Ward, which pends in the trial court. That pending count, by its wide-ranging facts, includes the same transactions or occurrences alleged in the counts purportedly certified as final—negligent infliction of emotional distress, breach of fiduciary duty, conspiracy, and negligence. Accordingly, the trial court did not resolve a single judicial unit, and its judgment is neither final nor appealable as to the claims against Ward. *See Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). This Court

has no jurisdiction of the appeals by or against Ward, which are hereby dismissed.

### III. Counts Against the Diocese

■ The circuit court dismissed all counts against the Diocese. Accordingly, the trial court resolved all legal issues and left open no remedies for Gray against the Diocese. The circuit court did not abuse its discretion in determining the judgments against the Diocese were final and appealable under Rule 74.01(b). *See Gibson,* 952 S.W.2d at 244. This Court has jurisdiction over the appeals against the Diocese. *Mo. Const. art. V, § 10.*

■ Review of dismissal of a petition allows pleadings their broadest intendment, treats all facts alleged as true, construes all allegations favorably to plaintiff, and determines whether averments invoke principles of substantive law. *Farm Bureau Town & Country Ins. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995).

### A. Failure To State A Claim

#### 1. Conspiracy

■ Gray alleges that the Diocese conspired with Ward to commit acts of sexual misconduct and intentional infliction of emotional distress, because it (1) knew or should have known that Ward and other priests were committing sexual acts with minors and knew or should have known that Ward and other priests had the propensity to commit said acts, (2) failed to take any action to prevent the actions or warn Gray, (3) failed to remove Ward from his position, (4) hid the conduct of Ward and other priests from the public, (5) refused to acknowledge the problem or educate the public, and (6) ignored the problem.

Gray's allegations do not support the required inference of a "meeting of the minds" between the Diocese and Ward. *See Gibson,* 952 S.W.2d at 244–245. The trial court properly dismissed the conspiracy count for failure to state a claim.

#### 2. Respondeat Superior/Agency Liability

■ Gray states the conclusion that Ward was "acting in the course and scope of authority when he committed the above acts." Intentional sexual activity and intentional infliction of emotional distress do not fall within the scope of employment of a priest, and the Diocese cannot be held liable under an agency theory. *See Gibson,* 952 S.W.2d at 245.

#### 3. Breach of Fiduciary Duty

■ Gray alleges that, in sum, the Diocese "stood in a fiduciary relationship with the Plaintiff as a recipient of religious services," "held a fiduciary relationship of trust and confidence with the Plaintiff," and "had a duty to its parishioners and especially young boys such as the plaintiff to protect them, especially in those situations where they shared the inner most feelings with priests."

These allegations simply are a recharacterization of those in Gray's other claims. The trial court did not err in dismissing this count for failure to state a claim.

### B. The First Amendment

■ Gray argues that the trial court erred in finding his claims barred by the First Amendment: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof...." *U.S. Const., Amend. I.* For the reasons stated in *Gibson v. Brewer,* the trial court did not err in dismissing Gray's counts of negligent hiring/ordination/retention of clergy, negligent failure to supervise clergy, and *independent acts of negligence* (which are virtually identical to those pleaded in the *Gibson* case). *See Gibson,* 952 S.W.2d at 245–247, 247–249. Likewise, the trial court did err in dismissing Gray's count of intentional failure to supervise clergy. *See id.* 952 S.W.2d at 247.

### IV.

The appeal and cross-appeal involving Ward's liability are dismissed. The dismissal of the count of intentional failure to supervise against the Diocese is reversed, but the re-

mainder of the judgment dismissing all other counts against the Diocese is affirmed. The case is remanded for proceedings consistent with this opinion.

LIMBAUGH, ROBERTSON, COVINGTON, WHITE and HOLSTEIN, JJ., and FLANIGAN, Senior Judge, concur.

PRICE, J., not sitting.