CUSTOM HARDWARE ENGINEER-
ING & CONSULTING, INC., and
David York, Appellants,

v.

ASSURANCE COMPANY OF
AMERICA, Respondent.

No. ED 91441.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 11, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 29, 2009.

Application for Transfer Denied
Nov. 17, 2009.

Stefan J. Glynias, Timm W. Schowalter, Matthew S. McBride, Saint Louis, MO, for Appellants.

M. Courtney Koger, Bradley J. Baumgart, Michael E. Brown, Kansas City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

Custom Hardware Engineering & Con-

sulting, Inc. and David York[1] appeal the grant of summary judgment in favor of their insurer, Assurance Company of America, on their claims for declaratory judgment and breach of contract. We affirm.

## I. BACKGROUND

Plaintiff Custom Hardware, a corporation with its principal place of business located in Fenton, Missouri, provides service and maintenance on computer equipment manufactured by Storage Technology Corporation ("StorageTek"). Plaintiffs were holders of an insurance policy issued by Assurance which provided them with commercial general liability coverage for "personal and advertising injury" caused by an offense arising out of Plaintiffs' business.

Custom Hardware directly competes with StorageTek for the rights to service and maintain StorageTek equipment. In October 2002, StorageTek filed a federal lawsuit against Plaintiffs in the U.S. District Court of Massachusetts, asserting causes of action for, *inter alia,* unfair competition under Massachusetts state law, tortious interference with business relations, and unfair competition under federal law.[2] StorageTek's original and amended complaints contained numerous factual allegations of intentional misrepresentation and copyright infringement against StorageTek. The complaints alleged, *inter alia,* that Custom Hardware sent false and misleading marketing materials to customers and potential customers which intentionally misrepresented that Custom Hardware had a license to use StorageTek's copyright protected maintenance code in order to service StorageTek equipment.[3]

Plaintiffs notified Assurance of StorageTek's original and amended complaints, and requested coverage under the language of the insurance policy's insuring agreement for "personal and advertising injury liability."[4] Assurance denied Plaintiffs' request for coverage.

In 2006, Plaintiffs filed the instant action against Assurance, asserting claims for declaratory judgment and breach of contract. Plaintiffs alleged in their petition: (1) that Assurance had a duty to defend Plaintiffs in the federal lawsuit brought by StorageTek under the terms of the insurance policy; and (2) that Assurance breached the terms of the insurance policy by failing to provide Plaintiffs with a defense.

---

1. David York is the President and Chief Executive Officer of Custom Hardware. For purposes of appeal, Custom Hardware and David York will be collectively referred to as "Plaintiffs."

2. The procedural posture of the federal proceedings relevant to the instant case is as follows. Three days before StorageTek brought suit against Plaintiffs, Plaintiffs filed suit against StorageTek in the U.S. District Court of Missouri alleging causes of action for unfair competition under Missouri and federal law. Additionally, Plaintiffs filed counterclaims against StorageTek in the U.S. District Court of Massachusetts. Subsequently, StorageTek's case and Plaintiffs' case were consolidated in the Massachusetts federal district court. Thereafter, the federal district court granted StorageTek's request for a preliminary injunction. Custom Hardware appealed, and the Federal Circuit Court of Appeals vacated and remanded the district court's order granting the preliminary injunction. During the appeal, the federal district court granted various dispositive motions made by StorageTek and Plaintiffs, leaving only three of StorageTek's claims and six of Plaintiffs' counterclaims for a jury trial. The parties settled the remaining claims during trial and entered a stipulation for a dismissal with prejudice.

3. Additional factual allegations will be set forth below in Section B.3.

4. The policy's relevant language will be set forth below in Section B.2.

Subsequently, Plaintiffs and Assurance both filed motions for summary judgment. In its motion, Assurance asserted that it did not have a duty to defend Plaintiffs because, *inter alia,* StorageTek's claims in its original and amended complaints were excluded from coverage under a policy exclusion for "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

The trial court granted Assurance's motion for summary judgment and denied Plaintiffs' motion for summary judgment, and concluded that Assurance did not have a duty to defend Plaintiffs in the federal lawsuit. The court found that Plaintiffs failed to show that any of the claims asserted by StorageTek were covered by any of the insurance policy's definitions of "personal and advertising injury." The trial court also found that even if Storage-Tek's claims against Plaintiffs included a claim that was covered by a definition of "personal and advertising injury," two policy exclusions applied and precluded coverage, including the exclusion for "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" Plaintiffs appeal.

## II. DISCUSSION

### A. Standard of Review

Our review of summary judgment is essentially *de novo.* *ITT Commercial Fi-* *nance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment is frequently used in the context of insurance coverage questions, and the interpretation of an insurance policy is a question of law." *Stark Liquidation Co. v. Florists' Mutual Insurance Co.,* 243 S.W.3d 385, 391 (Mo.App. E.D.2007) (internal citation omitted). Although we view the record and construe all inferences favorably to Plaintiffs (the non-movants), facts set forth in support of Assurance's summary judgment motion are taken as true unless contradicted by Plaintiffs' response. *See ITT,* 854 S.W.2d at 376. We will affirm the grant of summary judgment only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 377. Moreover, we must affirm the trial court's judgment if, as a matter of law, it is sustainable under any theory. *Stark,* 243 S.W.3d at 392.

### B. Assurance met its Burden of Showing that a Policy Exclusion Applied and Precluded Coverage

In their fourth point on appeal, Plaintiffs maintain that the trial court erred in granting summary judgment in favor of Assurance on the grounds that it did not have a duty to defend Plaintiffs because the policy exclusion for "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'" applied and precluded coverage.[5] We disagree.

---

**5.** In their first and second points on appeal, Plaintiffs maintain that the trial court erred in granting summary judgment on the grounds that none of StorageTek's claims in the federal lawsuit were covered under the policy's definitions of "personal and advertising injury." In their third point on appeal, Plaintiffs assert that the trial court erred in granting summary judgment on the grounds that an exclusion different than the one at issue in Plaintiffs' fourth point on appeal applied and precluded coverage. As set out below, we find that Assurance did not have a duty to defend Plaintiffs in the federal lawsuit be-

## 1. An Insurer's Duty to Defend

 An insurer's duty to defend an insured "arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not [dependent] on the probable liability to pay based on the facts ascertained through trial." *Stark*, 243 S.W.3d at 392 (citing *McCormack Baron Management Services, Inc. v. American Guarantee & Liability Insurance Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999)). Whether an insurer has a duty to defend a suit against its insured is principally determined by comparing the language of the insurance policy with the allegations in the underlying original and amended petitions, whether groundless or valid. *Stark*, 243 S.W.3d at 392; *Truck Insurance Exchange v. Prairie Framing, LLC*, 162 S.W.3d 64, 79 (Mo.App. W.D. 2005); *Benningfield v. Avemco Insurance Co.*, 561 S.W.2d 736, 737 (Mo.App.1978). An insurer has a duty to defend if the petitions allege facts that give rise to a claim potentially within the policy's coverage. *Stark*, 243 S.W.3d at 392.

 To extricate itself from a duty to defend a suit against the insured, the insurer must demonstrate that there is no possibility of coverage. *Id.* When relying on an exclusion to demonstrate no possibility of coverage, the insurer has the burden of establishing that the exclusion applies. *Id.* at 394.

## 2. Operative Policy Language

In the instant case, Plaintiffs maintain that Assurance had a duty to defend Plaintiffs in the federal lawsuit under the language of the insurance policy. The policy states in relevant part that:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply....

. . . .

This insurance applies to "personal and advertising injury" caused by an offense arising out of your business....

The policy contained an exclusion for "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" In addition, the policy defined a "personal and advertising injury" in pertinent part as: "injury ... arising out of one or more of the following offenses ... d. [o]ral or written publication of material that ... disparages a person's or organization's goods, products or services ... or ... g. [i]nfringing upon another's copyright ... in your 'advertisement.'"

## 3. A Policy Exclusion for Intentional Conduct Precluded Coverage in this Case

Plaintiffs argue that the factual allegations in Counts IV and V of StorageTek's original and first amended complaints, and Count X of StorageTek's third amended complaint give rise to coverage under the policy's coverage for "personal and advertising injury." Count IV alleged a cause of action for unfair competition under Massachusetts state law, Count V alleged a cause of action for tortious interference with business relations, and Count X alleged a

cause the exclusion at issue in point four applied and precluded coverage. Therefore, Plaintiffs' fourth point on appeal is dispositive and we need not address Plaintiffs' first, second, and third points on appeal.

cause of action for unfair competition under federal law. Plaintiffs assert that Counts IV, V, and X alleged claims which were covered under the following policy definitions of "personal and advertising injury": (1) "injury ... arising out of ... [o]ral or written publication of material that ... disparages a person's or organization's goods, products or services" and (2) "injury ... arising out of [i]nfringing upon another's copyright ... in your 'advertisement.' "

 Even if, *assuming arguendo,* both of these definitions of "personal and advertising injury" have been met by StorageTek's allegations, Assurance does not have a duty to defend if we find that Assurance met its burden of showing that the policy's exclusion applied and precluded all possibility of coverage. *See Stark, supra.* The insurance policy contains an exclusion for "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.' " This language excludes coverage for "intentional" conduct. *Cf. Mulberry Square Productions, Inc. v. State Farm Fire and Casualty Co.,* 101 F.3d 414, 422 (5th Cir.1996) (finding that an exclusion for personal or advertising injury "arising out of oral or written publication of material if done by or at the direction of the insured with knowledge of its falsity" excludes coverage for "intentional" conduct). Plaintiffs argue that Assurance cannot show that the exclusion applied because the Massachusetts federal district court made findings

that Plaintiffs' copying of StorageTek's code was permitted under the doctrine of fair use and that there was no violation of a copyright. However, "[w]hether ... underlying petition[s] ha[ve] alleged a claim that is covered by the terms of the insurance policy is ... not dependent on a factual determination of the underlying claims." *Shelter Mutual Insurance Co. v. Ballew,* 203 S.W.3d 789, 792 (Mo.App. W.D.2006). Therefore, we decline to consider any findings made by the Massachusetts federal district court in our analysis of whether the policy exclusion applied and precluded coverage.

 Instead, we compare the language of the insurance policy with the allegations in StorageTek's original and amended complaints, and ascertain whether the complaints alleged facts that give rise to a claim potentially within the policy's coverage.[6] *Stark, Truck Insurance Exchange, and Benningfield, supra.* As an initial matter, we note that StorageTek's original and amended complaints contain a paragraph incorporated by reference into Counts IV, V, and X that alleged: "[Custom Hardware] has committed all of the alleged acts of infringement *deliberately, knowingly, willfully, maliciously and oppressively, without regard to StorageTek's proprietary rights.*" (emphasis added). Additionally, Count IV of StorageTek's original and first amended complaint (unfair competition under Massachusetts law) alleged:

> [Custom Hardware] has caused former and prospective customers of StorageTek to be deceived and is likely to continue to cause them to be deceived into

---

**6.** Facts which were either known to an insurer or which were ascertainable through reasonable investigation at the commencement of the underlying suit can also create a duty to defend. *Trainwreck West Inc. v. Burlington Insurance Co.,* 235 S.W.3d 33, 42 (Mo.App. E.D.2007); *Valentine–Radford, Inc. v. American Motorists Insurance Co.,* 990 S.W.2d 47, 51 (Mo.App. W.D.1999). However, in this case, neither Plaintiffs nor Assurance points to any facts that were either known to Assurance or that were ascertainable through reasonable investigation at the commencement of the underlying suit that may have created a duty to defend under the exclusion at issue in Plaintiffs' fourth point on appeal.

believing that [Custom Hardware's] copying and/or use of the Maintenance Code is legal or otherwise approved by, endorsed by, or authorized by Storage-Tek when in fact, [Custom Hardware] has no authorization from StorageTek to copy and/or use the Code.

[Custom Hardware] has induced and *knowingly* benefited from interference with StorageTek's existing and prospective business relationships and/or contracts.

[Custom Hardware's] conduct has caused and will continue to cause irreparable injury to StorageTek, its business reputation, and the good will associated with StorageTek's equipment and maintenance services. StorageTek has no adequate remedy at law and will continue to be irreparably injured unless and until [Custom Hardware] and its agents, servants, employees acting under or in concert with or on their behalf are preliminary and permanently enjoined by this Court from using the Maintenance Code or promoting, advertising or marketing its ability to provide maintenance on StorageTek equipment to the extent such maintenance relies on use of the Maintenance Code.

[Custom Hardware] *committed these acts willfully*, with malice, oppression or fraud *and with the intent to cause injury to StorageTek* .... (emphasis added).

Count V of StorageTek's original and first amended complaint (tortious interference with business relations), and Count X of StorageTek's third amended complaint (unfair competition under federal law) incorporated the paragraphs set out directly above by reference. Count V also alleged in relevant part that: "[Custom Hardware] has *willfully and knowingly* interfered with StorageTek's current and prospective business relations. [Custom Hardware] has *knowingly* induced third parties to not enter into proposed contractual relationships with StorageTek or to

terminate contractual relationships that did exist." (emphasis added). Finally, Count X incorporated by reference an allegation that "Defendants individually and collectively marketed their infringement devices with each of the Defendants' *knowledge* in order to circumvent Storage-Tek's technological measures that are intended to protect access to all or any portion of StorageTek's copyright protected Maintenance Code." (emphasis added).

Assurance maintains that the exclusion applied and precluded coverage in this case because Counts IV, V, and X of StorageTek's original and amended complaints alleged *only* intentional conduct on the part of Custom Hardware. We agree. We find that the factual allegations of Counts IV, V, X, including those allegations incorporated by reference, are premised only upon intentional conduct because: (1) they include phrases such as "deliberately, knowingly, willfully, maliciously and oppressively," "willfully ... and with the intent to cause injury," and "willfully and knowingly"; and (2) they are devoid of any mention or implication of conduct sounded in negligence, recklessness, inadvertence, error, or mistake. *See Connecticut Indemnity Co. v. DER Travel Service, Inc.,* 328 F.3d 347, 350–51 (7th Cir.2003) (finding that phrases such as "intentionally and willfully" are the "paradigm of intentional conduct and the antithesis of negligent actions" and that only intentional conduct was alleged when the "complaint [wa]s barren of any mention of negligence, inadvertence, error, or mistake, or anything even implying such conduct"); *Decision-One Corp. v. ITT Hartford Insurance Group,* 942 F.Supp. 1038, 1043 (E.D.Pa. 1996) (finding that allegation in complaint that insured's acts were "reckless" was not an allegation of intentional conduct because "recklessness is something more than negligence but less than an intentional act"). Thus, the exclusion for "personal or advertising injury" "[c]aused by or at

the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'" applied and precluded coverage in this case.[7]

### 4. Conclusion

Because Assurance met its burden of showing that the exclusion applied and precluded coverage, it did not have a duty to defend Plaintiffs in the federal lawsuit and is entitled to judgment as a matter of law on Plaintiffs' petition for declaratory judgment and breach of contract. *See Stark*, 243 S.W.3d at 394 (stating that that an insurer will prevail when it demonstrates that any one policy exclusion precluded coverage); *Shelter*, 203 S.W.3d at 791–95 (affirming grant of summary judgment in favor of insurer when exclusion applied and therefore precluded coverage in underlying action). The trial court did not err in granting summary judgment in favor of Assurance. *Id.* Point four is denied.[8]

### III. CONCLUSION

The judgment is affirmed.

KURT S. ODENWALD, P.J. and PATRICIA L. COHEN, J., concur.

---

**7.** *See Connecticut Indemnity Co.*, 328 F.3d at 348–351 (finding that coverage was precluded under policy with similar exclusion when complaint alleged only intentional conduct); *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, 359 Ill.App.3d 872, 296 Ill.Dec. 5, 834 N.E.2d 562, 575–76 (Ill.App.Ct.2005) (finding that identical policy exclusion did not apply when complaint presented intentional and negligent conduct as alternative theories of liability by alleging insured "knew" or "should have known" act would violate rights of another and inflict injury); *DecisionOne Corp.*, 942 F.Supp. at 1043 (finding that similar policy exclusion did not apply

when complaint presented alternative theories of liability by alleging insured's acts were "intentional, willful, wanton and malicious" and "reckless").

**8.** In Plaintiffs' fifth and final point on appeal, they argue that the trial court erred in failing to award them attorney's fees, expenses, and costs incurred in the federal lawsuit. Because their argument is dependent upon us finding that the trial court erred in granting summary judgment in favor of Assurance, it must fail. Point five is denied.