

# In the Missouri Court of Appeals
## Western District

MISSOURI PUBLIC ENTITY RISK )
MANAGEMENT FUNDS (MOPERM), )
                    Respondent, )
v. )        WD78286
                                 )
S.M., K.W., C.A. f/k/a C.H., JANE POE, )
K.S., and L.M., )     FILED: August 18, 2015
                Appellants. )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### ALOK AHUJA AND ANTHONY REX GABBERT, JUDGES

S.M., K.W., C.A., K.S., and L.M. ("Claimants")[1] appeal from the circuit court's grant of summary judgment in favor of the Missouri Public Entity Risk Management Fund ("MOPERM"). The court determined that a Lincoln County Sheriff's Department lieutenant who sexually abused Claimants while he was acting as a drug court tracker is not covered under MOPERM's memorandum of coverage; therefore, MOPERM has no duty to defend or indemnify him in Claimants' federal civil rights lawsuit against him. On appeal, Claimants contend

---

[1] The record indicates that, when this case was initiated, there was another Claimant, "Jane Poe." Claimants' brief states that Jane Poe has settled her federal lawsuit against Edwards and is no longer involved in this case.

that MOPERM's memorandum of coverage is ambiguous and, as such, should be construed against MOPERM to provide coverage. For reasons explained herein, we find no error and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

The facts underlying this appeal are undisputed. Scott Edwards, a lieutenant with the Lincoln County Sheriff's Department, served as a tracker for Lincoln County's drug court. As a tracker, Edwards supervised drug court participants. Claimants are all young, female drug court participants who were under Edwards's supervision.

In 2012, Edwards pled guilty to three felony counts and two misdemeanor counts of violations under federal law, including aggravated sexual abuse and kidnapping, for acts that occurred while he was acting as a drug court tracker. Claimants subsequently filed a petition for damages under 42 U.S.C. § 1983 against Edwards[2] in the United States District Court for the Eastern District of Missouri. In the suit, Claimants alleged that Edwards misused his position as a drug court tracker to coerce them into sexual acts and that, by doing so, he violated their constitutional rights.

At the time of Edwards's misconduct, MOPERM provided liability insurance coverage to Lincoln County. MOPERM is a statutorily-created risk management

---

[2] The federal lawsuit included other defendants who are not part of the case before us.

2

fund offering coverage to public entities in Missouri. § 537.705.1, RSMo 2000.[3]

MOPERM set forth the terms of the policy in its memorandum of coverage. The memorandum of coverage was divided into six sections: I. WHAT MOPERM PAYS; II. MOPERM'S LIMIT OF LIABILITY; III. WHO IS A COVERED PARTY?; IV. WHAT MOPERM WILL NOT COVER (EXCLUSIONS); V. WORDS AND PHRASES WITH SPECIAL MEANING; and VI. CONDITIONS.

After Claimants filed their 42 U.S.C. § 1983 case, MOPERM filed this suit seeking a declaration that it has no duty to defend or indemnify Edwards for the claims asserted in the federal case because he is not a covered party under the memorandum of coverage. MOPERM then filed a motion for summary judgment. In its motion, MOPERM asserted that Edwards is not a covered party because he was not acting within the course and scope of his employment when he committed the acts of sexual misconduct alleged in Claimants' federal case. MOPERM further argued that, even if Edwards were a covered party, his acts would be excluded from coverage because they were criminal. Claimants filed a competing motion for summary judgment in which they asserted that MOPERM's memorandum of coverage is ambiguous and should be construed in favor of coverage.

The court determined that Edwards is not a covered party under MOPERM's memorandum of coverage and that the memorandum of coverage is not ambiguous. Therefore, the court granted MOPERM's summary judgment motion and denied Claimants' summary judgment motion. Claimants appeal.

---

[3] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

## STANDARD OF REVIEW

Appellate review of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

## ANALYSIS

In their sole point on appeal, Claimants contend that MOPERM's memorandum of coverage is ambiguous and, as such, should be construed against MOPERM to provide coverage. The interpretation of an insurance policy is a question of law entitled to *de novo* review. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). We interpret the policy according to the plain and ordinary meaning of its language. *Mo. Emp'rs Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo. App. 2004). "'If, giving the language used its plain and ordinary meaning, the intent of the parties is clear and unambiguous, we cannot resort to rules of construction to interpret the contract.'" *Thiemann v. Columbia Pub. Sch. Dist.*, 338 S.W.3d 835, 840 (Mo. App. 2011) (citation omitted). "Disagreement over the interpretation of the terms of a contract does not create an ambiguity." *Id*.

Looking at the plain language of the memorandum of coverage, Section III.D states that a "covered party" includes "[a]ny employee or authorized volunteer of the Member Agency while acting within the course and scope of their duties." It is

4

undisputed that Edwards was an employee of the member agency, Lincoln County, when he committed the acts of sexual misconduct that are the subject of Claimants' federal lawsuit.

It is also undisputed that Edwards was not acting within the course and scope of his duties when he committed those acts. In response to MOPERM's summary judgment motion, Claimants admitted that "Edwards' duties did not include coercing participants into having, or attempting to have sexual contact with participants in the Drug Court."[4] This is consistent with our holding in *Gilley v. Missouri Public Entity Risk Management Fund*, 437 S.W.3d 315 (Mo. App. 2014), which addressed whether sexual misconduct is within the course and scope of an authorized volunteer's duties for purposes of this same provision of MOPERM's memorandum of coverage. In *Gilley*, we held that an authorized volunteer at the Cole County Jail who raped a fellow inmate was not acting within the course and scope of his duties and, therefore, was not a "covered party" under this provision. *Id*. at 319-20. We explained that the determination as to "'[w]hether an act was committed within the scope and course of employment is not measured by the time or motive of the conduct, but whether it was done by virtue of the employment and in furtherance of the business or interest of the employer.'" *Id*. at 319 (quoting *Cluck v. Union Pac. R.R. Co.*, 367 S.W.3d 25, 29 (Mo. banc 2012)).

---

[4] On appeal, Claimants appear to assert that, contrary to their admission in their response to MOPERM's summary judgment motion, Edwards's sexual misconduct might have been within the course and scope of his duties. In their brief, Claimants state that "there is nothing in the policy which states that sexual misconduct is outside the 'course and scope of their duties.'" Claimants are bound by the position they took in the circuit court, however, and will not be heard on a different theory on appeal. *Rapp v. Eagle Plumbing, Inc.*, 440 S.W.3d 519, 523 (Mo. App. 2014).

Where an act arose "'wholly from some external, independent, or personal motive,' then it was not done within the course and scope of employment.'" *Id*. (citation omitted). Applying these principles, we found that it was "absurd to think that [the authorized volunteer]'s rape of [the victim] was undertaken in furtherance of the interests of Cole County. Clearly, the act arose from [the authorized volunteer]'s personal motive." *Id*.[5]

Likewise, in this case, we find that Edwards's acts of sexual misconduct were not undertaken in furtherance of the interests of Lincoln County and, instead, arose wholly from his personal motive. Pursuant to the plain language of Section III.D, Edwards is not a covered party under MOPERM's memorandum of coverage.

Although the plain language of Section III.D clearly indicates that Edwards is not a covered party, Claimants contend that this provision conflicts with other provisions in the memorandum of coverage and that this conflict renders the memorandum ambiguous. Specifically, they argue that Section I.A.2 and Section V grant coverage to Edwards. Section I.A.2 states:

> Section I. WHAT MOPERM PAYS
>
> A. Coverage
>     . . . .
>
>     2. Coverage for Member Agency for claims on causes of action other than those established by Missouri Law; and coverage for public officials and employees. For claims against the Member

---

[5] *See also Newyear v. Church Ins. Co.*, 155 F.3d 1041, 1044-45 (8th Cir. 1998) (finding that, under Missouri law, because priest's sexual misconduct during pastoral counseling was not undertaken in furtherance of his employer's interests, it was outside the scope of his employment and not covered under the church's insurance policy).

Agency on causes of action other than those established by Missouri Law and for claims against public officials and employees, MOPERM will pay the ultimate net loss which the Covered Party shall become legally obligated to pay by reason of liability:

a.    Imposed by law, or

b.    Assumed by contract,

for damages because of:
. . . .

COVERAGE D - PERSONAL INJURY LIABILITY

to which this memorandum applies, caused by or arising out of an occurrence.

Section V's WORDS AND PHRASES WITH SPECIAL MEANING provides a definition of "personal injury" that includes a "violation of federal civil rights laws." Claimants assert that, when read together, Section I.A.2 and Section V grant coverage for claims against employees for all violations of federal civil rights laws. According to Claimants, this grant of coverage contains "no limiting language whatsoever" and, therefore, must be read to "trump" Section III.D's "covered party" requirement.

Contrary to Claimants' assertion, the grant of coverage for personal injuries in Section I.A.2 does, in fact, contain limiting language. Specifically, Section I.A.2 states that, for claims against employees, "MOPERM will pay the ultimate net loss which *the Covered Party* shall become legally obligated to pay by reason of liability" for damages because of personal injury. (Emphasis added.) This language

7

limits MOPERM's coverage for claims against employees to only the ultimate net loss that *a covered party* is legally obligated to pay. Stated another way, to trigger MOPERM's grant of coverage under this section, the employee who incurs the liability for a personal injury claim and its corresponding legal obligation to pay must meet the definition of a "covered party." Section III.D's covered party provision does not "take away" the coverage for personal injury claims granted in Section I.A.2; instead, it merely defines to whom that coverage is granted.

The use of definitions does not necessarily render an insurance policy ambiguous. *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 221 (Mo. banc 2014). Indeed, "[d]efinitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007).

In this case, Section I.A.2 clearly and ambiguously states that, with regard to claims against employees, MOPERM will provide coverage for the ultimate net loss that a covered party is legally obligated to pay by reason of liability for personal injury. Thus, to be entitled to coverage under Section I.A.2 for Claimants' federal civil rights claims against him, Edwards must be a covered party. Section III.D clearly and unambiguously defines a "covered party" as an employee "while acting within the course and scope of their duties." Because it is undisputed that Edwards was not acting within the course and scope of his duties when he

8

sexually abused Claimants, he is not a covered party under MOPERM's memorandum of coverage.

Relying on the principle that, "where insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage," *Rodriguez v. General Accident Insurance Company*, 808 S.W.2d 379, 382 (Mo. banc 1991), Claimants argue that enforcing the MOPERM memorandum of coverage as written would be against public policy. They assert that denying coverage for Edwards would defeat the policies underlying 42 U.S.C. § 1983 claims. These policies "include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978).

Claimants conflate MOPERM, the insurer, with Lincoln County, the defendant governmental entity. Whether a governmental entity has liability insurance coverage or not has no impact on whether a plaintiff has a cause of action under 42 U.S.C. § 1983 or is entitled to compensation from the governmental entity or one of its employees. In fact, Missouri does not require governmental entities to purchase any liability insurance coverage. *Gregg v. City of Kansas City*, 272 S.W.3d 353, 363 (Mo. App. 2008) (citing § 537.610). Participation in MOPERM is optional. *Gilley*, 437 S.W.3d at 320 n.6 (citing § 537.705.1). Under these circumstances, we cannot say that public policy requires coverage. While the goals of providing compensation for the deprivation of federal rights and preventing abuses of power are considerations in Claimants' cause of action against Edwards,

9

they do not justify redefining the unambiguous contractual relationship between MOPERM and Lincoln County. MOPERM has no duty to defend or indemnify Edwards in Claimants' federal lawsuit.

## CONCLUSION

We affirm the circuit court's grant of summary judgment in favor of MOPERM.[6]

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[6] Because we find that Edwards is not a covered party, we need not reach and do not decide Claimants' argument that the exclusions in the memorandum of coverage are ambiguous.